IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEREK JAMES LOOMER,<br>Plaintiff,<br>v.<br>JAISON JENSEN, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br>Case No. 2:26-cv-00765-PK<br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

## I. BACKGROUND

Plaintiff filed this action on August 19, 2026. Plaintiff is proceeding pro se and in forma pauperis. Plaintiff brings claims against employees of Odyssey House, a substance abuse and mental health treatment provider, alleging mistreatment, neglect, and abuse.

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status

or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[1]

Federal district courts are of limited jurisdiction.[2] "Congress has granted those courts jurisdiction over two main kinds of cases. District courts have power to decide diversity cases—suits between citizens of different States as to any matter valued at more than $75,000. And they have power to decide federal-question cases—suits 'arising under' federal law."[3] According to the Complaint,[4] all parties are citizens of Utah. Therefore, Plaintiff must be relying on federal question jurisdiction. As the party invoking federal question jurisdiction, Plaintiff bears the burden of demonstrating that jurisdiction is proper.[5]

Plaintiff brings his claims under 42 U.S.C. § 1983.[6] "To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."[7] The defendant must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[8]

---

[1] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[2] *Badgerow v. Walters*, 596 U.S. 1, 7 (2022).

[3] *Id.* (citing 28 U.S.C. §§ 1332(a), 1331).

[4] Docket No. 1.

[5] *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

[6] Docket No. 1, at 3.

[7] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] *Id.* at 49 (internal quotation marks and citation omitted).

Here, Plaintiff names several individuals who hold various roles Odyssey House, a private non-profit organization that provides substance use and mental health treatment. As such, it appears that no Defendant is a "persons" for purposes of § 1983. While there may be instances where a private individual may be considered a state actor under § 1983,[9] Plaintiff's Complaint does not include any allegations establishing that is the case here. Additionally, though Plaintiff's Complaint briefly references disability discrimination, Plaintiff brings no claims under a federal disability statute that may provide a basis for jurisdiction. As such, Plaintiff fails to meet his burden that the Court has subject matter jurisdiction over this case. However, because Plaintiff is proceeding pro se, the Court will allow him the opportunity to amend his Complaint to attempt to establish subject matter jurisdiction.[10]

## III. CONCLUSION

It is therefore

ORDERED that by September 25, 2026, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it either for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

---

[9] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

[10] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (stating that "pro se parties generally should be given leave to amend").

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED.

DATED this 25th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge