UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DEREK JAMES LOOMER,<br><br>Plaintiff,<br><br>v.<br><br>JAISON JENSEN, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [ECF NO. 11] PLAINTIFF'S OBJECTION AND ADOPTING [ECF NO. 9] REPORT AND RECOMMENDATION**<br><br>Case No. 2:26-cv-00765-DBB-PK<br><br>District Judge David Barlow<br><br>Magistrate Judge Paul Kohler |

Before the court is Plaintiff's Objection[1] to Magistrate Judge Paul Kohler's Report and Recommendation,[2] which recommends that Plaintiff's federal claims be dismissed under 28 U.S.C. § 1915 ("IFP Statute") and that the court decline to exercise supplemental jurisdiction over his remaining state law claims. For the reasons below, the court overrules Plaintiff's objection, adopts the report and recommendation, and dismisses this action without prejudice.

## BACKGROUND

Plaintiff, who proceeds pro se, initiated this action on August 19, 2026.[3] The original complaint brought claims against Odyssey House, a substance abuse and mental health treatment provider, and some of its employees under 42 U.S.C. § 1983.[4] The complaint also made a brief

[1] Pl.'s Objections to R. & R. ("Objection"), ECF No. 11, filed Oct. 8, 2026.
[2] R. & R. ("R&R"), ECF No. 9, filed Oct. 7, 2026.
[3] Compl., ECF No. 1, filed Aug. 19, 2026.
[4] *Id.* 3.

allegation of disability discrimination.[5] Because Plaintiff proceeds in forma pauperis under the IFP Statute, the magistrate judge screened his claims under 29 U.S.C. § 1915(e)(2) and DUCivR 3-2. Upon the initial screening, the magistrate judge determined that Plaintiff's complaint did not provide a basis for federal jurisdiction because it did not sufficiently allege that any of the Defendants were state actors for purposes of 42 U.S.C. § 1983, and its disability discrimination averment was not accompanied by any reference to a federal disability statute.[6] The magistrate therefore ordered Plaintiff to cure the complaint's deficiencies by filing an amended complaint.[7]

On September 14, 2026, Plaintiff filed an amended complaint, asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and several state law claims.[8] The magistrate judge again screened Plaintiff's claims under the IFP statute and filed a report and recommendation. Having found that the amended complaint failed to identify any defendant who is state actor for purposes of § 1983 and that the allegations related to disability discrimination were insufficient to state a claim under the ADA or Rehabilitation Act, the magistrate judge recommended dismissal of Plaintiff's federal claims and that the court decline supplemental jurisdiction over the state law claims.[9] Plaintiff filed a timely objection ("Objection").

[5] *Id.* 5.
[6] Mem. Decision and Order to Cure Deficient Compl. 2–3, ECF No. 6, filed Aug. 26, 2026.
[7] *Id.* 3.
[8] Am. Compl. ¶¶ 72–88, ECF No. 8, filed Sept. 14, 2026.
[9] R&R 5–7.

## STANDARDS

The court conducts a de novo review of any part of a report and recommendation for which a party offers a timely and specific objection.[10] To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[11] General objections are insufficient to preserve the issue for review.[12] The court "reviews unobjected-to portions of a report and recommendation for clear error."[13]

Under the IFP Statute, the court must dismiss an action filed by an IFP plaintiff if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[14] In assessing whether a complaint fails to state of claim for relief under the IFP Statute, the court employes the familiar Federal Rule of Civil Procedure 12(b)(6) motion to dismiss standard.[15] "Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[16]

Because Plaintiff proceeds pro se, the court is mindful that his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by

---

[10] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).
[11] *See 2121 E. 30th St.*, 73 F.3d at 1060.
[12] *See Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025).
[13] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[14] 28 U.S.C. § 1915(e)(2)(B).
[15] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007)
[16] *Id.* at 1217 (citation modified).

lawyers."[17] But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[18] Accordingly, the court "will not supply additional facts, nor . . . construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19]

## DISCUSSION

Plaintiff appears to object to three of the magistrate judge's conclusions in the report and recommendation: (1) the amended complaint does not identify a state actor for purposes of 42 U.S.C. § 1983; (2) the amended complaint does not make a cognizable disability claim under federal law; and (3) further amendment would be futile.[20] The court reviews these portions of the report and recommendation de novo.

### I. 42 U.S.C. § 1983 Claim

The magistrate judge recommends dismissal of Plaintiff's § 1983 claim for failure to identify a state actor. The magistrate judge found that Plaintiff's amended complaint "points to governmental funding, contract, and licensing to support his assertion that Defendants are state actors" and concluded that those allegations were insufficient under any of the established tests for determining when a private individual or entity can be considered a state actor.[21]

"To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."[22] Where, as here, the alleged conduct is committed by a private entity and individuals, the Tenth Circuit has identified four tests "to determine whether private parties should be deemed state actors when conducting a state action

[17] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation modified).
[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[19] *See Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).
[20] *See* Objection 2–4.
[21] R&R 3–5 (citing *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002)).
[22] *West v. Atkins*, 487 U.S. 42, 48 (1988).

analysis: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test."[23]

In his Objection, Plaintiff agrees with the magistrate judge that government funding, regulation, or licensing alone does not create state action, but he argues that there is a distinction "between an allegation that a private provider receives government money and an allegation that governmental requirements, contractual obligations, oversight, or participation were connected to the particular program practices at issue."[24] However, the court finds that this is a distinction without a difference as it relates to Plaintiff's amended complaint. Despite generally alleging that government contracts and requirements were tied to the alleged conduct of Odyssey House and its employees, the amended complaint admits that "Plaintiff does not presently know which specific governmental instrument governed each challenged practice and does not allege that a particular contract or funding term required the conduct at issue."[25]Accordingly, the court is left only with the factual allegation that Odyssey House receives government funding and oversight, which Plaintiff agrees with the magistrate judge is insufficient under the recognized tests.[26]

Plaintiff appears to recognize the deficiencies in the amended complaint's factual allegations and argues that the court should consider whether further factual development could aid in establishing state action under the "nexus" or "joint action" tests before dismissing the

---

[23] *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (citing *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 2002)).
[24] Objection 2.
[25] Am. Compl. ¶ 70.
[26] *See Gallagher*, 49 F.3d at 1448 (recognizing that "the existence of governmental regulations, standing alone, does not provide the required nexus" and "the fact that a private entity contracts with the government or receives governmental funds . . . does not automatically transform the conduct of that entity into state action"); *Johnson*, 293 F.3d at 1204 ("[E]xtensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action." (citation modified)).

claim.[27] But whether or not further factual development in discovery could reveal state action does not relieve Plaintiff of the burden to "plead concrete facts sufficient 'to raise a reasonable expectation that discovery will reveal evidence' supporting his claims."[28] Accordingly, the amended complaint fails to state a claim under § 1983.

## II. Federal Disability Claims

The magistrate judge recommends dismissal of Plaintiff's federal disability claims for failure to state a claim under the ADA or Rehabilitation Act.[29] In making this recommendation, the magistrate judge determined that Plaintiff's disability allegations were essentially "disagreement about the decisions made during his treatment," and as such, could not serve as the basis to state a disability discrimination claim under existing case law.[30] Plaintiff objects, arguing that the magistrate judge mischaracterized his amended complaint.[31] He contends that the amended complaint does not rest on disagreement about treatment but rather alleges that Defendants knew of his alleged disability—substance use disorder—and then subjected him to unequal treatment because of it.[32]

Under the ADA and Rehabilitation Act, "[t]he requirements for stating a claim . . . are substantially the same."[33] To state a claim under the ADA, Plaintiff must allege:

> (1) [the plaintiff] is a qualified individual with a disability; (2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the

---

[27] Objection 2.
[28] *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1233 (10th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).
[29] R&R 5–6.
[30] *See id.*
[31] Objection 3.
[32] *Id.*
[33] *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 48 (10th Cir. 2021).

> public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.[34]

And to state a claim under the Rehabilitation Act, Plaintiff must allege: "(1) that the plaintiff is disabled under the Act; (2) that he would be 'otherwise qualified' to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency); and (4) that the program has discriminated against the plaintiff."[35]

Here, Plaintiff's amended complaint does not explain in what ways Odyssey House or its employees have discriminated against him because of his alleged disability outside of "subject[ing] him to unequal treatment, restrictions, treatment decisions, or failures to reasonably account for disability-related needs."[36] In addition to these allegations being "bare assertions" of a discrimination claim,[37] the court agrees with the magistrate judge's conclusion that they are grounded in Plaintiff's treatment at Odyssey House. As such, they "are the sort of purely medical decisions that . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."[38] Further, where, as here, the treatment at issue is related to the disability, "it will rarely, if ever, be possible to say . . . that a particular decision was 'discriminatory.'"[39] Thus, the amended complaint has failed to state a claim for federal disability discrimination.

## III. Futility of Amendment

Finally, the magistrate judge reasons that allowing further amendment would be futile.[40] Plaintiff objects, asking the court to consider whether any factual deficiencies can be cured by

---

[34] *Id.* (citation modified).
[35] *Id.* (quoting *McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004)).
[36] Am. Compl. ¶ 86
[37] *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (recognizing that "bare assertions" and "formulaic recitation of the elements" are "conclusory and not entitled to be assumed true").
[38] S*ee Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005).
[39] *Id.* (citation modified).
[40] R&R 5.

another amended complaint.[41] While the court recognizes that Plaintiff proceeds pro se, given the nature of the deficiencies described above and that Plaintiff has had a chance to cure them but failed to do so, the court agrees that further amendment would be futile.

Because Plaintiff does not object to the magistrate judge's recommendation that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims should the court dismiss his federal claims, the court reviews that recommendation for clear error. Having done so, the court finds that the magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the report and recommendation.

**ORDER**

For the reasons stated above, the court ADOPTS the Report and Recommendation;[42] OVERRULES Plaintiff's Objection;[43] DISMISSES Plaintiff's federal claims; DECLINES supplemental jurisdiction over Plaintiff's state law claims; and DISMISSES this matter without prejudice.

Signed November 6, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[41] Objection 4.
[42] ECF No. 9.
[43] ECF No. 11.